IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dalila A'Giza, ) | |
| ) | C/A No. 3:10-117-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| John Potter, Postmaster General, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On December 23, 2009, Plaintiff Dalila A'Giza, proceeding pro se, filed the within action against her former employer, Defendant Postmaster General, in the Southern District of Georgia, Augusta Division. Plaintiff alleges that she was subjected to a hostile work environment; harassment; discrimination based on race and gender; and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111, et seq. The case was transferred to the District of South Carolina, Columbia Division, pursuant to order of the Honorable J. Randal Hall dated January 15, 2010. Plaintiff filed an amended complaint on March 1, 2010. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

On November 10, 2011, Defendant filed a motion to dismiss or, in the alternative, for summary judgment. By order filed November 14, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if she failed to respond adequately. Plaintiff elected not to respond. On December 22, 2011, the Magistrate Judge filed an order directing Plaintiff to advise the court as to

whether she wished to continue with the case and to file a response to Defendants' motion within fourteen days from the date of the order. Plaintiff was specifically advised that, if she did not respond to the court's December 22, 2011 order, the within action would be subject to dismissal with prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b). Plaintiff did not respond to the Magistrate Judge's December 22, 2011 order. Accordingly, on January 9, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended that the action be dismissed with prejudice for lack of prosecution. Plaintiff filed objections to the Report and Recommendation on January 26, 2012, to which Defendant filed a reply on January 31, 2012.

DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's objections revolve around her contention that she has been denied access to her employee files. Plaintiff requests the court to order Defendant to surrender a copy of her employee records so that she can properly defend her right to have her case heard in a court of law.

The court's review of the current scheduling order discloses that discovery concluded on December 3, 2010. See ECF No. 32. On June 9, 2011, Plaintiff served discovery requests on Defendant, including requests to produce her personnel records. Thus, Plaintiff's requests were served approximately six months after the close of discovery. Defendant declined to respond to Plaintiff's requests on the grounds that the discovery requests were untimely. On July 7, 2011,

Plaintiff moved to compel production of her personnel records. On August 30, 2011, the Magistrate Judge denied Plaintiff's motion to compel as untimely under Local Civil Rule 37.01(A), D.S.C. and the scheduling orders in this case.

Plaintiff did not appeal the Magistrate Judge's ruling to this court. See Fed. R. Civ. P. 72(a). Nevertheless, the court has reviewed the Magistrate Judge's August 30, 2011 order and discerns no reason to modify or set aside any part of the Magistrate Judge's order as clearly erroneous or contrary to law.[1] Although pro se litigants are given liberal treatment by courts, even pro se litigants are expected to comply with time requirements and other procedural rules without which effective judicial administration would be impossible. Whittemore v. Astrue, 2011 WL 6819089, *1 (D.S.C. Oct. 28, 2011) (quoting Dancy v. Univ. of N.C. at Charlotte, 2009 WL 2424039, *2 (W.D.N.C. Aug. 3, 2009)). Plaintiff's inability to retrieve her personnel records is the result of her failure to comply with the time requirements set forth in the scheduling order. The court declines to order Defendant to produce Plaintiff's personnel records at this state of the proceedings.

Plaintiff's remaining objections reiterate the allegations of her complaint. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). The court has thoroughly examined the record. Plaintiff specifically was cautioned that her failure to respond to Defendant's motion to dismiss or, in the alternative, for summary judgment would subject her case

---

[1] It also appears that Plaintiff failed to cooperate in discovery and that she failed on two occasions to appear at a scheduled deposition. In addition, Plaintiff failed to appear at a status conference and motions hearing set by the Magistrate Judge for February 22, 2011.

to dismissal for failure to prosecute. Further, Plaintiff made no filings between the date of her motion to compel on July 7, 2011 and her objections to the Report and Recommendation on January 26, 2012.[2] The Magistrate Judge properly concluded that dismissal is proper. Plaintiff's objections are without merit.

## CONCLUSION

For the reasons stated herein and in the Report and Recommendation, the within action is dismissed with prejudice for lack of prosecution pursuant to Rule 41(b).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Court

Columbia, South Carolina

January 31, 2012

---

[2] During this period of time Plaintiff was granted leave to supplement her retaliation claim. She failed to do so. See ECF No. 69.